Case No. 12-2753, The Interest of Jasmine L. O'Meara. The Interest of Jasmine L. O'Meara. My name is Heidi Lynn Lambros for Respondent Appellant J.L. Assistant State's Attorney Annette Collins for the people of the State of Illinois. Thank you. You're going to reserve some time for rebuttal. Yes, a few minutes please, Your Honor. Good morning. As I said before, my name is Heidi Lynn Lambros from the Office of the State Appellate Defender representing Respondent Appellant J.L. On January 5, 2011, J.L., whose case was designated an extended juvenile jurisdiction prosecution, pled guilty to attempt first-degree murder in exchange for a juvenile sentence of the Department of Juvenile Justice until her 21st birthday and an adult state sentence of 12 years. On February 1, 2012, the State moved to revoke the stay of the adult sentence because J.L. had committed an offense of misdemeanor retail theft in violation of the EJJ statute. On June 8, 2012, the Court revoked J.L.'s stay and sentenced her to 12 years in the Illinois Department of Corrections. The notice of appeal was filed on June 8, 2012. On appeal, J.L.'s former appellate counsel raised three issues, one of which challenging the EJJ designation and one of which challenging the January 5, 2011 guilty plea. Let me ask you this. You know we're familiar with the facts. How do we have jurisdiction in this case? Formally, this Court does not have jurisdiction over this case. We acknowledge that under Rule 660 and under Rule 605 and under the Illinois Supreme Court case of NRAJT, this Court does not have formal jurisdiction to review these claims or overturn an Illinois Supreme Court case or amend or modify an Illinois Supreme Court rule. Although the Illinois Supreme Court would have jurisdiction in order to overturn the case of NRAJT or in order to modify their own Supreme Court rule in the interest of justice for this minor. So we do acknowledge, as the State's brief... I did not write these briefs, no. We don't have formal jurisdiction. Should we continue with this oral argument? We could. I would love to. Alright. But if it's really, if we can't grant you relief... We're not withdrawing the issues. We're just saying that this jurisdictional question is better reserved for the Illinois Supreme Court. Although we did file a motion to set additional authority with NRA Vinson K. We also recognize there's been no case worn appellate court using the power of parents patria either. The power of courts over a juvenile has superseded an Illinois Supreme Court rule or an Illinois Supreme Court case in order to grant a minor jurisdiction. Is your agreement about jurisdiction also to the third issue? Because I don't think we have jurisdiction of that either. Oh, I believe we do have jurisdiction over the apprendiation. I believe the State has conceded that we have... Right. Alright. So you're just saying we don't have jurisdiction of the first two issues. Right. Or you're agreeing. But you think we should exercise some sort of power under a certain rule to address the issues? Address the first two issues? The guilty plea issue and the designation issue? Yes. This court could address it under the parents patria, but again... It's not in your brief or anything. I understand that. That was the motion to set additional authority. So tell us on the third issue how we have jurisdiction. Well, the minor, J.L., was following the revocation of her stay. The 12-year sentence was actually imposed upon her. And J.L. is challenging first that under the preponderance of the evidence standard that doesn't fall under the apprendi umbrella because those facts were not pled in the indictment nor were they proved in a reasonable doubt. The other portion is that what got her into adult court, what got her that 12-year sentence, was an unconstitutional statute, which was, again, the designation portion of the EJJ statute. Okay. But the EJJ designation isn't really a sentence or a penalty, is it? As this court held in MI and as this court held in OMRM and as the Illinois Supreme Court held in NRAMI in 2013, they found that it was not adjudicatory. It was purely dispositional, meaning it just designated which form a juvenile's case will be heard and just said, juvenile, we find that your case and that your crime is serious enough to get an additional adult sentence. So it's not a sentence? Well, we're arguing that NRAMI and the United States kind of clarifies and kind of extends the apprendi language and contours to encompass not just formal sentence enhancements but circumstances like what happened here, where you have a court crime of attempt murder which was charged under the Juvenile Court Act, charged in a petition for adjudication not in an indictment, and then the court used facts in the EJJ designation hearing that were not in the indictment to elevate both the mandatory minimum sentence and the mandatory maximum sentence. But didn't JL have the right to a jury trial on the charges? She did, and she did waive that right by pleading guilty. So I don't know if she had a right to a jury trial. Where's the apprendi violation? Apprendi violation came when her designation, and although we recognize that the Illinois Supreme Court has specifically said that that is not the case, the argument as raised in the briefs is that Ali-Ann decided two weeks afterwards which says that, kind of expands apprendi to not only encompass enhancements but to encompass any additional factor, a court crime plus any aggravating factors is a violation under due process in the Sixth Amendment. When you plead guilty, generally, don't you give up an apprendi challenge? Well, formally speaking, yes, with the exception of the fact that this is an unusual circumstance and that the apprendi violation occurred actually before sentencing. Yeah, but didn't the apprendi violation occur before the plea of guilty was entered? Yes, the designation hearing occurred. That brings us to the jurisdiction question. Why we don't have jurisdiction on the third issue as well as the first two. And that is because the time to challenge the apprendi violation was before the plea of guilty, and like the admonishments that you agree we don't have jurisdiction over and like the other claim regarding the designation, the EJJ designation, it is incongruous to then say we have jurisdiction over the third issue because that relates to the EJJ designation, which you agree we have no jurisdiction over. I would argue, although, I believe that the apprendi issue carries forward from the 12-year sentence, that the apprendi issue, although there would have been standing for her to raise it before she pled guilty, the fact that she didn't become fully ripe until she was actually given the 12-year sentence and the designation proved that it was unconstitutional under apprendi. I would acknowledge that NRA MI says that all, NRA OMRM says that all arguments related to designation need to be brought prior to, or at least objected to, prior to a guilty plea. Even though you don't agree about jurisdiction, you agree the apprendi violation, if it occurred at all, occurred prior to the subsequent violation of her. No, I believe it carried through. I believe it's a non-traditional and it's an unconventional statute where the violation the designation was granted to her, which I believe she can raise at either time. She could have raised it back right following the designation of it or she could raise it when the sentence is imposed. In fact, there might not be a reason for her to object to factually what happened until after she gets the 12-year sentence. If there's no further questions, thank you for your time, Your Honors. Good morning, Your Honors. A couple of clarifications. The apprendi issue as it relates to the designation of the case is just like the plea and just like the EJJ challenged the designation. This Court doesn't have jurisdiction over it. But that's not what you said in your briefing. It was, yes I am. One of my understandings of the defendant's argument is a portion of her apprendi argument relates to the preponderance burden at the revocation hearing. To the extent, and I made this clear in my brief, to the extent that her apprendi challenge relates to the burden in subsection 6, the revocation hearing, from which she did appeal, this Court does have jurisdiction to address just the burden. That's why I included in my revocation proceedings that carry a preponderance burden. To the extent that that's her apprendi argument, this Court can reject it. Any other apprendi challenge that has been addressed by MI that relates to the designation of the case, the Supreme Court has made clear that that has no merit. And likewise, this Court does not have jurisdiction to address that issue because it predates the plea. She's raising two claims in this brief, one relating to the revocation of probation, or the revocation, I'm sorry, of the sentence of the 12 years because she doesn't have a right to a jury for the revocation of the adults, the stay rather. The preponderance burden, yes. That was my understanding of her argument. If I'm incorrect about that, I certainly agree with this Court that all she is raising under apprendi is a challenge to the designation. MI takes care of that and this Court doesn't have jurisdiction to consider that because she never appealed from her plea. Alright, so you're not sure what she's raising? No, I am sure what she's raising, or at least my understanding is it's kind of a two-prong attack under apprendi. The statute itself, the EJJ statute, comprises multiple subsections. There's not a whole lot of clarity as to which subsection she's... Here's the issue that's framed in the brief. Now maybe I'm wrong, but this is what it says. The EJJ statute violates due process and the principles of apprendi and LEM where the statute requires a circuit court to execute an adult sentence for juveniles who commit a new offense without a jury's first finding beyond reasonable doubt that the minor actually committed the new offense. Right, and that's what happened in the revocation hearing. We had to have a jury that she committed the offense. That's subsection 6. That's the section that she is actually appealing from. So under Supreme Court rules, she's not technically in that context appealing from her plea. So you see this as an argument that she's entitled to a jury on the revocation of the stay of the adult sentence? That's my understanding of it because she is attacking the revocation proceedings. Alright. To the extent that she is attacking the revocation proceedings. Yes. But that's the only issue that she presents that this Court has jurisdiction over. And we would submit that the decision in Marquis I, in Ray MI from the Illinois Supreme Court is broad and encompasses the entire EJJ Act. And the entire EJJ statute meets muster under apprendi and due process and this Court is bound to that ruling and cannot overrule an Illinois Supreme Court decision. And in fact, respondent here doesn't really have any additional arguments that would countermand either MI or the wealth of case law that accepts that in revocation hearings it only has to be a preponderance burden. It's not a due process violation to have a preponderance burden and there's no right to a jury in a revocation proceeding. Now, just to be clear, I understand that respondent has presented additional authority and I also filed a response to that. But if this Court would indulge me so I can briefly address this parent's patriae concept of equitable powers. When was the motion filed? Last week. And was it allowed? Yes. I got aware of it because I didn't get a copy. It was filed. And I didn't know there was a response. It was filed April 30th. I filed my response the following day on May 1st and it was allowed by this Court, the motion to cite additional authority. Vincent Kay is a decision from this appellate court. Vincent Kay, the portion that she cites that references the parent's patriae powers is actually a reference to the juvenile court's powers below. Because we know that the juvenile court, throughout the juvenile jurisdiction in a criminal prosecution or a delinquency prosecution, the juvenile court has a parent's patriae power to ensure the best interests of the minor are protected. That portion of Vincent Kay's that she cites does not, nor could it, address this Court's jurisdictional powers to hear appeals. Parent's patriae power is not a means upon which this Court can confer jurisdiction upon itself. In fact, the Illinois Supreme Court as I mentioned in my response, has discussed the parent's patriae power in a number of cases. In each of those cases the Illinois Supreme Court reminded the litigants that the parent's patriae power cannot countermand rules or allow a court to violate statute. And that would be exactly what the respondent is inviting this Court to do. Under this rubric of parent's patriae equitable powers, if this Court confers jurisdiction upon itself, it would be a violation of Supreme Court Rule 604D and it would contradict the Supreme Court's decision in In Re JT. Now the Supreme Court itself refused to invoke equitable powers in JT. It refused to even invoke its own exclusive supervisory authority to grant relief. This Court cannot offer respondent any relief for the claims that this Court has no jurisdiction over. And as far as the Apprendi issue before this Court, to the extent that it involves just the hearing, respondent's arguments do not entitle her to relief because the hearing portion, subsection 6 of the EJJ statute, does not violate Apprendi and respondent's rights were not violated impacted, nor was any fundamental fairness occurred in this case. Are all these problems centralized because a juvenile doesn't have the right to file a post-conviction petition? Not that I'm here to contradict Vincent Kaye. Vincent Kaye said that and I agree with that. But subsection 6 of the Juvenile Court Act, when that adult sentence is executed, subsection 6 of the EJJ states that the minor's EJJ status shall be terminated. And it also states that the ongoing jurisdiction over the minor's case shall be assumed by the adult criminal court. So it is arguable in this case that given the fact that this minor is now serving an adult sentence and the EJJ itself says she is under the jurisdiction of the adult criminal court, it could be argued that she meets the criteria for a juvenile. This is an entirely novel issue. It hasn't been presented to this court to my knowledge. But that is... And I'm waiting for it. It very well may be this case, Your Honor. Is it the violation of the initial sentence that caused the 12-year sentence? The 12-year sentence was stayed. Stayed. The 12-year sentence is for her attempt murder. And under the EJJ, she's also given that juvenile sentence, which was an indeterminate term. She was released on parole in September. Because she violated her juvenile sentence, she violated her juvenile parole by committing a new offense, the EJJ statute says that the court shall, upon finding that she violated her juvenile sentence and committed a new offense, which we proved in a hearing, that the juvenile court shall impose and execute that 12-year sentence. So the 12-year sentence... JL had a right to a jury trial. Did she not? If she had not persisted in her plea, there would have been a jury... She had the right to a jury. Decide whether or not the offense had been committed. Absolutely. We would have had to prove all the elements beyond a reasonable doubt of attempt murder. We would have had to prove, if the defendant had wanted a jury trial, all of the elements beyond a reasonable doubt in a jury trial. All of the requirements of Apprendi would have been met at that point. She would have been sentenced to a 12-year term, which was within the range of attempt murder. And there would have been no Apprendi violation because there would have been no fact that wasn't proven at trial that somehow elevated the attempt murder sentence. For these reasons, Your Honor, and those expressed in our brief, we would ask that this court affirm the judgment of the juvenile court below. Thank you. Very briefly. Very briefly. Yes, the state did file a response to the parent's patriotic doctrine, but the state's cases that they cited were the Illinois Supreme Court recognizing that a court doesn't have authority to countermand a statute that's given there by legislation. It didn't address what happens for a Supreme Court rule. Secondly, I do think, and I'm very happy to hear the state's concession that J.L. is actually permitted now to file a post-conviction petition. I would welcome the chance to do additional briefing on the propriety of that. Well, that's really not an issue for us. Let me ask you this. Are you saying that the hearing to revoke the stay of the adult sentence requires a jury finding beyond reasonable doubt? In the briefs, that is part of the argument. My argument is that Alleyne actually changes. The reason why we even get to a hearing on preponderance standard is because the Illinois Supreme Court basically found that it really doesn't matter what happens at sentencing. It doesn't matter what happens at a guilty plea. That the minute that you're designated in EJJ, the maximum and minimum sentences are the adult sentences. But it neglected to investigate what happens at that hearing. Did the Supreme Court neglect to investigate? In light of Alleyne, yes. Alleyne's expanded how we look at the concept of apprendi. It's not just formally what happens post-sentencing. It's the effect of what happens. And the effect of this hearing was to give this minor a 12-year sentence in the Department of Corrections. Plus, didn't this minor have the right to contest whether or not she should have a 12-year sentence by testing the evidence for the charges of attempt murder, armed robbery, home invasion, whatever else there was? She did. She did plead. She did formally plead guilty. And didn't she have a right to a jury trial for all of those charges? She had the right to a jury trial for the poor crime of attempt murder. She didn't have a right to a jury trial for the facts that designated her in EJJ prosecution. That she did not. In fact, the burden was on her. Okay, so then are we going back to the EJJ designation? Because if we are, I don't see how we have jurisdiction of that finding. Yes. The argument is kind of interwoven with the, we get to the preponderance standard based on the unconstitutional findings that were made prior to the guilty plea. But yes, it's not. I'm trying to understand. If your issue is about what happened at the revocation of the stay of the adult sentence, or if you are challenging the lack of a right to a jury to the EJJ designation. That is one of the arguments in the brief. The second argument that's made in the brief is that the Illinois Supreme Court decision in MRI was wrongly decided. Okay, so would you agree then that you believe we have jurisdiction of the second prong of your issue that relates to the revocation of the adult stay. But we don't have jurisdiction to decide the issue of whether there was a improper denial of a right to a jury in the EJJ designation that occurred before the guilty plea. I think it's an issue of first impression whether or not you can go back to the original. And I think that this court could go back. I would also acknowledge that prior to MRI the state's argument was that there was no standing to make an Apprendi challenge until the sentence was actually invoked. But considering this is a 15-year-old girl and considering that she's facing now an 85% sentence, a 12-year sentence at 85% time, we would hope that the concept of whether or not Apprendi can be revisited under Allien would be something that this court would entertain. But you have no case. I have no case. I am standing here with no case law on that. Thank you. I want to thank you both for a very interesting issue. Again, we'll take this case under advisement and you both did a wonderful job. Thank you.